**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| LaTOYA GREENE for JAYLA GREENE, ) | |
| ) | CASE NO.   1:10-cv-0414 |
| Plaintiff, ) | |
| ) | |
| v.   ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendant. ) | |

Plaintiff, LaToya Greene ("Greene"), on behalf of her daughter Jayla Greene ("claimant") challenges the final decision of the Commissioner of Social Security, Michael J. Astrue ("Commissioner"), denying the claim for Supplemental Social Security under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1382c. This matter is before the Court pursuant to 42 U.S.C. § 405(g) and the consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).

For the reasons set forth below, the final decision of the Commissioner is AFFIRMED.

**I. Procedural History**

On November 17, 2005, an application for child's SSI was filed on behalf of claimant. Her application was denied both initially and upon reconsideration. Claimant timely requested

an administrative hearing.

On May 5, 2008, an Administrative Law Judge ("ALJ") held a hearing. Claimant was represented by counsel and her mother testified. Dr. Lawrence Hagerman testifed as the medical expert ("ME"). On August 19, 2008, the ALJ found claimant did not have an impairment or combination of impairments that functionally equaled a listing. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied further review.

## II. Evidence

*Hearing Testimony*

After argument by the claimant's counsel, the ME testified to the following:

- Premature infants, such as the claimant, can experience developmental delays. (Tr. 524.)

- The claimant had some motor impairment, but it was not of listing level severity. (Tr. 526.)

- There were some documented impairments in the claimant's ability to move about and manipulate objects. (Tr. 527.)

- The claimant's ability to acquire and use information was less than marked. (Tr. 531.) She had no limitation in her ability to attend and complete tasks. (Tr. 531-32.) She had marked limitation in her ability to interact and relate to others. (Tr. 532.) She had less than marked limitations in her ability to move about and manipulate objects. *Id*. She had no limitations in caring for herself or in her health and physical well-being. *Id*.

## III. Summary of Commissioner's Decision

The ALJ made the following findings regarding claimant in the August 19, 2008, decision:

1. Less than three years old at the time of her administrative hearing, claimant, pursuant to social security regulations, was a "newborn/young infant" when her

        application was filed and an "older infant/toddler" at the time of the ALJ's decision. *See* 20 C.F.R. § 416.926a(g)(2). (Tr. 98.)

2.     The claimant has not engaged in substantial gainful activity. See 20 C.F.R. §§ 416.924 and 416.972. (Tr. 98.)

3.     The claimant has the following severe impairments: developmental delays, including motor functioning, cognitive functioning, communicative functioning, and interpersonal relationships. *See* 20 C.F.R. § 416.924(c). (Tr. 98.)

4.     The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 98.)

5.     The claimant does not have an impairment or combination of impairments that functionally equals the listings. (Tr. 100.)

6.     The claimant has not been disabled, as defined in the Social Security Act, since November 17, 2005, the date the application was filed. See 20 C.F.R. § 416.924(a). (Tr. 106.)

### IV. Standard of Review

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Substantial evidence has been

defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v. Perales*, 402 U.S. 389 (1971).

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (*citing Mullen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached. *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).") This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen*, 800 F.2d at 545 (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

### IV. Standard for Disability

To qualify for SSI benefits, an individual must demonstrate a disability as defined under the Act. "An individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C).

To determine whether a child is disabled, the regulations prescribe a three-step sequential evaluation process. 20 C.F.R. § 416.924(a). At step one, a child must not be engaged in

"substantial gainful activity." 20 C.F.R. § 416.924(b). At step two, a child must suffer from a "severe impairment." 20 C.F.R. § 416.924(c). At step three, disability will be found if a child has an impairment, or combination of impairments, that meets, medically equals or functionally equals an impairment listed in 20 C.F.R. § 404, Subpt. P, App'x 1; 20 C.F.R. § 416.924(d).

To determine whether a child's impairment functionally equals the listings, the Commissioner will assess the functional limitations caused by the impairment. 20 C.F.R. § 416.926a(a). The Commissioner will consider how a child functions in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for self; and, (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). If a child's impairment results in "marked" limitations in two domains, or an "extreme" limitation in one domain, the impairments functionally equal the listings and the child will be found disabled. 20 C.F.R. § 416.926a(d). To receive SSI benefits, a child recipient must also meet certain income and resource limitations. 20 C.F.R. §§ 416.1100, 416.1201.

A "marked" limitation is one which seriously interferes with functioning. 20 C.F.R. § 416.926a(e)(2)(i). "Marked" limitation means "more than moderate" but "less than extreme." 20 C.F.R. § 416.926a(e)(2)(i). "It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." *Id*.

An "extreme" limitation is one that "interferes very seriously with [a child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). An "extreme" limitation means "more than marked." 20 C.F.R. § 416.926a(e)(3)(i). "It is the

5

equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean." *Id*.

If an impairment is found to meet, or qualify as the medical or functional equivalent of a listed disability and the twelve-month durational requirement is satisfied, the claimant will be deemed disabled. 20 C.F.R. § 416.924(d)(1).

## V. Analysis

It is asserted that the ALJ erred, because substantial evidence proves the claimant suffered from developmental delays which cause marked impairment in at least two domains. (Pl.'s Br. at 6.) The ALJ found that the claimant has marked limitation in her ability to interact and relate with others, less than marked limitation in her ability to acquire and use information and in her ability to move and manipulate objects, and no limitation in her ability to attend and complete tasks, in her ability to care for herself, and in health and physical well-being.[1] (Tr. 101-106.) Greene argues that although the ALJ was correct in finding that the claimant had marked limitation in her ability to interact and relate with others, he should also have found marked limitations in the claimant's ability to acquire and use information and/or in her ability to move and manipulate objects. (Pl.'s Br. at 8-10.)

An ALJ's decision will be affirmed if it is supported by substantial evidence. It is immaterial if substantial evidence also supports a contrary position. *See, e.g., Kirby v. Comm'r of Soc. Sec.*, 37 Fed. Appx. 182, 183 (6th Cir. 2002) (Commissioner's decision must be upheld if substantial evidence supports it regardless of whether substantial evidence support's claimant's position); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (a court must uphold the decision of

---

[1] These findings essentially adopt the opinion of the ME.

the Commissioner even when substantial evidence exists to support both the Commissioner and the claimant); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997) (substantial evidence can exist to support and detract from the ALJ's decision); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion). The substantial evidence standard "presupposes that there is a zone of choice within which the [ALJ] can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Williamson v. Apfel*, 1998 U.S. App. LEXIS 30010 at *13 (6th Cir. 1998) *quoting Mullen*, 800 F.2d at 545.

Thus, a claimant does not establish a lack of substantial evidence by pointing to evidence of record that supports her position. Rather, Greene must demonstrate that there is not sufficient evidence in the record that would allow a reasoning mind to accept the ALJ's conclusion. Greene cites medical information of record that she suggests supports her position that the claimant was disabled. (Pl.'s Br. at 8-9.) Greene points to diagnoses of encephalopathy, expressive/receptive language disorder, pervasive development disorder, autism, psychogenic sensory disease, and early childhood psychosis. *Id*. She essentially asks this Court to infer from these diagnoses that the claimant has additional marked limitations, but does not point to any opinions of record that support such a conclusion. Furthermore, Greene has failed to draw this Court's attention to any deficiency in the ALJ's reasoning or a dearth of evidence supporting the ALJ's position.

The Commissioner's brief, on the other hand, cites medical information that supports the ALJ's conclusion. (Def.'s Br. at 10-16.) While the ALJ's explanation for his finding with

7

respect to the claimant's ability to acquire and use information and her ability to move and manipulate objects is admittedly brief, it does not follow that these findings were unsupported by substantial evidence. Although a more detailed analysis would have been preferable, his decision is not untenable in light of the evidence of record. The ALJ's opinion discusses some of the relevant medical evidence and specifically mentions some of the post-hearing evidence submitted by claimant's counsel. (Tr. 100.) The ALJ stated that the post-hearing exhibits do not support counsel's position that the listing were met or equaled. *Id*. Specifically, the ALJ reported that the post-hearing records indicate that the claimant was performing above age level in perceptual fine motor skills, that fine and play motor skills were good, that she had a normal audiogram, that she exhibited improved verbal and intelligible speech, and that there was only "mild delayed receptive and expressive language skills." (Tr. 100, *citing* Tr. 181, 189, 193, 196-98, 205-06.) These records are reasonably related to the claimant's ability to move about and manipulate objects, and her ability to acquire and use information. Finally, the ALJ's also appears to adopt the opinion of the ME, whose findings are identical.[2] (Tr. 531-32.)

Therefore, Greene has failed to demonstrate that the ALJ's decision is unsupported by substantial evidence. Although substantial evidence might also support her position that the claimant had other marked limitations, it is not this Court's function to conduct a *de novo* review of the medical evidence and simply arrive at a different conclusion than the ALJ. Where there is

---

[2] The ALJ gave considerable weight to the opinions of the physicians who completed the Childhood Disability Evaluation assessments in February of 2006, in which it was noted that claimant's condition did not meet, equal, medically equal, or functionally equal any of the Listings. (Tr. 99.) The Court has been unable to locate these opinions in the record, though a reference to these records is made in the Transcript by Milford Schwartz, M.D., who also could not locate the aforementioned opinions. (Tr. 240.)

sufficient evidence to support an ALJ's opinion, this Court must affirm. Here, the ALJ's decision squarely fell within the zone of choice in which an he could decide either way, based on the evidence of record, without being second guessed by this Court. As such, Greene's assignment of error is without merit.

### VII. Decision

For the foregoing reasons, the Court finds the decision of the Commissioner supported by substantial evidence. Accordingly, the decision of the Commissioner is AFFIRMED and judgment is entered in favor of the defendant.

IT IS SO ORDERED.

<u>s/ Greg White</u>
U.S. Magistrate Judge

Date: December 3, 2010